UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA HALOUSEK,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAN EARL SOUZA,<br><br>    Defendant. | No. 2:19-cv-00615 KJM AC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by Local Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be GRANTED.

I.  SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

1

policies/current-rules-practice-procedure/federal-rules-civil-procedure.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

A. The Complaint

Plaintiff, who has a California address, brings suit under two sections of the federal criminal code (18 U.S.C. § 249 and 18 U.S.C. § 241) and various sections of the California Civil

Code against defendant, who is alleged to also reside in California. ECF No. 1 at 1. Plaintiff alleges that on July 21, 2017, while she was in her truck checking for mail at her mailbox, defendant pulled up, charged toward her, and "verbally assaulted her." Id. at 4. Frightened, plaintiff drove away, and defendant followed in his large truck; a high-speed chase ensued, ending when plaintiff pulled over near law enforcement. Id. Plaintiff also alleges that her mailbox was later run over and then disappeared. Id. Plaintiff characterizes this conduct as "verbal assault, reckless driving and assault with a deadly weapon [the truck]," causing her mental trauma and emotional distress. Id. She seeks unspecified compensatory and punitive damages. Id. at 5. On her civil cover sheet, plaintiff checked boxes for Federal Question as the basis of jurisdiction, and for Personal Injury (Assault) as the nature of suit. ECF No. 1.1.

B. Analysis

Plaintiff's complaint provides no basis for federal jurisdiction, and her complaint must be dismissed. Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136–37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. See Morongo, 858 F.2d at 1380.

Federal jurisdiction may be established in one of two ways. First, jurisdiction may be established by a showing that the plaintiff and defendant are diverse in citizenship (from different sates) and that the amount in controversy is over $75,000. 28 U.S.C. § 1332. Plaintiff does not assert this basis of jurisdiction, nor could she establish it because both she and defendant are from California. ECF No. 1 at 1.

Second, what is known as "federal question" jurisdiction may be established by bringing a claim based on federal law. 28 U.S.C. § 1331. Plaintiff asserts federal question jurisdiction, but

the only federal statutes she cites are sections of the criminal code. ECF No. 1 at 2. A citizen does not have authority to bring criminal charges. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). The criminal laws do not provide any private right of action for damages. Plaintiff cannot bring the federal criminal claims described in her complaint. Thus, federal question jurisdiction cannot rest on her assertions of criminal wrongdoing.

In cases sufficiently alleging violations of federal civil rights, for instance those brought pursuant to 42 U.S.C. § 1983, federal question jurisdiction would exist. Here, plaintiff's complaint repeatedly refers to "Federal Civil Rights," but the only causes of action asserted are under the federal criminal code and portions of the California Civil Code, including the state civil rights law. To the extent plaintiff may be attempting to bring this suit pursuant to section 1983, she is unable to do so. "To state a claim for relief in an action brought under § 1983, [plaintiff] must establish that [she was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). It is unclear from the complaint exactly who defendant is, but there is no allegation that he is a state actor or official, or otherwise was acting under color of state law. Moreover, plaintiff asserts (and the undersigned can infer) no deprivation of a federally secured right.

The undersigned notes the complaint's allegations suggest that plaintiff may be able to state a tort claim for personal injury under state law.[1] However, as there is no basis for this court's original subject-matter jurisdiction, this is not an appropriate case for the court to exercise supplemental jurisdiction to hear such a claim. See Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction).

The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. Kokkonen, 511 U.S. at 377. Plaintiff has failed to meet this burden, and the

---

[1] The court takes no position on whether plaintiff would be able to successfully pursue her claim in state court.

4

undersigned recommends her complaint be dismissed. The undersigned further recommends that leave to amend not be granted in this instance because it is clear from the allegations in the complaint that federal jurisdiction is not available, and the complaint's deficiencies could not be cured by amendment. Noll, 809 F.2d at 1448.

## II. CONCLUSION

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with prejudice because it fails to establish federal jurisdiction. It is further recommended that leave to amend not be granted because amendment would be futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 2, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5